# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:13-CR-32 JVB |
| DARIAN LYNDON BROWN and<br>TRENICE RENAE WOODLEY BROWN | |

## OPINION AND ORDER

This matter is before the Court on Defendant Trenice Brown's motion to dismiss the indictment against her with prejudice on the grounds that her right to a speedy trial under the United States Constitution and 18 U.S.C. § 3161 has been violated (DE 48).

### A. Facts

Defendant Trenice Brown and her husband, Darian Brown, were indicted on one count of conspiracy to commit mail fraud and seven counts of mail fraud on February 21, 2013. They both appeared before a magistrate judge on March 25, 2013, with joint counsel. They were both arraigned on April 4, 2013. At that time the magistrate judge set May 2, 2013, as the deadline for filing pretrial motions. The parties agreed that the time for filing pretrial motions would be excluded when calculating elapsed time under the Speedy Trial Act (STA). The case was set for trial on June 3, 2013.

On May 17, 2013, Defendants filed a joint motion for a continuance, which was granted the same day, the magistrate judge finding the delay occasioned by the continuance was excludable for the purposes of the STA because failure to grant it would deny Defendants the

time necessary for effective trial preparation. Trial was reset for July 15, 2013. Defendants filed another joint motion for a continuance on July 8, 2013, which the magistrate judge granted, again finding that the period of delay was excludable because Defendants needed the time for trial preparation. Defendants filed three more joint motions to continue the trial date, each of which was granted with a finding that the delay was excludable. In the order granting the last continuance requested by Defendants, the magistrate judge reset the trial date for March 24, 2014.

On February 18, 2014, Defendant Darian Brown filed a plea agreement in which he agreed to plead guilty to Counts 6 and 8 of the indictment in exchange for the Government's agreement to dismiss the charges against Trenice Brown and the remaining charges against him. A change of plea hearing was set and held on February 26, 2014. The Court, not satisfied that Darian Brown had established an adequate factual basis for a guilty plea, continued the hearing to March 3, 2014. At the hearing on March 3, the Court took Darian Brown's change of plea under advisement until it had an opportunity to review the presentence report. On March 11, 2014, the Government filed a motion for a continuance, the gist of which was that, because it was expected that the Court would accept Darian Brown's guilty plea and plea agreement, which would result in the dismissal of the charges against Trenice Brown, it made no sense to have a trial for her before the Court made a determination on Darian Brown's change of plea and plea agreement. The magistrate judge granted the motion, finding that the resulting period of delay was excludable. The trial was continued to June 2, 2014.

On May 21, 2014, at what was scheduled as the sentencing hearing for Darian Brown, the Court notified the parties that it would not accept his change of plea. The Court noted that the

trial was at that point scheduled for June 2 but questioned whether the parties were prepared to go to trial on that date, to which Defendants' counsel responded that they probably were not and added that the issue of his joint representation of the Defendants needed to be resolved. The Court stated that it would vacate the current trial date since the parties had been prepared for a sentencing hearing but had not received one and would send the matter to the magistrate judge to set new dates. Defendants' counsel stated he did not agree to a vacation and stated Trenice Brown had speedy trial concerns. However, when the Court asked if she was ready to go to trial on June 2, her counsel stated that he didn't know and would have to talk to her. The Court stated that the issue of representation needed to be resolved and that if there were a problem, Ms. Brown would need to have time to get another attorney.

The magistrate judge held a hearing on May 27, 2014, regarding the joint representation issue. The Defendants waived any conflict, but no new trial date was set. This Court learned of the outcome of the May 27 hearing on June 3, when a minute entry describing those proceedings was docketed. On June 10, 2014, the Court set a new trial date for July 29, 2014. On June 13, 2014, Ms. Brown filed this motion to dismiss.

**B.    Discussion**

**(1)    *Speedy Trial Act***

The STA, 18 U.S.C. § 3161, et seq., requires that a criminal defendant's trial begin within seventy days from the date the indictment was filed or from the date the defendant appeared before a judicial officer of the court in which the charges against him are pending, whichever is later. Title 18 U.S.C. § 3161(h) sets out a number of periods of delay which are

excluded from the seventy day computation.

Ms. Brown asserts that the speedy trial clock ran out as to her on June 3, 2014, but does not explain how she arrived at this date. The Government maintains that the date currently set for trial, July 29, 2014, falls within the seventy-day period with one day to spare but likewise fails to explain its calculations. Accordingly, the Court makes its own calculation.

The Court finds that the speedy trial clock began to run on March 25, 2013, when both Defendants initially appeared before the magistrate judge following their indictment. *See United States v. Farmer*, 543 F.3d 363, 368 (7th Cir 2008). ("When more than one defendant is charged in an indictment, the Speedy Trial clock begins to run on the date of the last co-defendant's initial appearance . . . .") Ten days elapsed between the initial appearance and the arraignment on April 4, 2013, leaving sixty days remaining on the clock. At the arraignment the magistrate judge set a May 2 deadline for filing pretrial motions, which the parties agreed was excluded time.

The clock started running again on May 3, but was stopped again fourteen days later, on May 17, pursuant to 18 U.S.C. § 3161(h)(7(A) when the Defendants filed the first of their five continuance motions.[1] At that point forty-six days remained on the clock. The Defendants' five motions to continue excluded all time between May 17, 2013, and March 24, 2014.

The Government's motion for a continuance, which was granted, resulted in a new trial date of June 2, 2014. The magistrate judge made appropriate findings that the delay resulting from the continuance was excludable. Accordingly, the speedy trial clock remained stopped. On

---

[1] 18 U.S.C. § 3161(h)(7(A)requires the exclusion of "any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government" if the court makes findings as to why the ends of justice served by the continuance outweigh the interest of the public and the defendant in a speedy trial.

4

May 21, 2014, at the abortive sentencing hearing, the Court continued the trial on its own motion, finding a continuance necessary because the issue of dual representation needed to be addressed and also, because the parties were not anticipating that there would be a trial, they needed more time to prepare.  For those reasons, the ends of justice served by continuing the trial outweighed the best interest of the public and the defendants in a speedy trial. Once the issue of dual representation was resolved, keeping in mind the same considerations, on June 10, the Court reset the hearing for July 29. Accordingly, the clock remains stopped during the period of delay from June 2, 2014, to July 29, 2014, with forty-six days remaining.  Thus no STA violation has occurred.

Even if it is assumed that the clock restarted on the day after June 10, 2014, when the Court finally was able to reset the trial, it stopped again two days later, on June 13, 2014, by operation of 18 U.S.C. § 3161(h)(1)(D), when Ms. Brown filed the instant motion.  That provision of the STA calls for the exclusion of the delay resulting from any pretrial motion from the date the motion is filed through the disposition of the motion.   Under this assumption, the clock will begin to run again on the day following the entry of this order. Accordingly, so long as Ms. Brown's trial begins within forty-four days of the date this order is entered, no STA violation will have occurred.

**(2)** *Sixth Amendment Right to a Speedy Trial*

A defendant's Sixth Amendment right to a speedy trial protects against prejudicial delay regardless of whether the STA is violated.  *United States v. Gearhart*, 576 F.3d 459, 462 (7th Cir. 2009).  Courts use a four-part test to evaluate constitutional speedy trial challenges: (1)

5

whether the delay was uncommonly long, (2) whether the government or the defendant is more to blame for the delay, (3) whether the defendant asserted his right to a speedy trial in due course and (4) whether the defendant suffered prejudice as a result of the delay. *Id.* at 463.

If Ms. Brown goes to trial on July 29, 2014, as currently scheduled, sixteen months will have elapsed since her indictment was unsealed and she first appeared before a magistrate judge on March 25, 2013. While this is a substantial delay, after considering the other three factors the Court concludes that Ms. Brown's constitutional rights have not been violated.

In the instant case Ms. Brown was clearly more responsible for the delay than the Government, having requested and received five continuances. Moreover, she did not object to the only continuance requested by the Government. She did not formally assert her right to a speedy trial until she filed the instant motion on June 13, 2014.[2] This assertion occurred after more than thirteen months of delay. For that reason, this factor does not weigh heavily in her favor. *See United States v. White*, 443 F.2d 582, 591 (7th Cir. 2006) (assertion made after three months of the delay had occurred entitled to little weight).

The only prejudice Ms. Brown suggests is that delay while awaiting trial can cause anxiety. She does not claim that the delay impaired her ability to defend herself. General allegations of anxiety constitute only minimal prejudice, especially when no impairment in presenting a defense is alleged. *United States v. Ward*, 211 F.3d 356, 361 (7th Cir. 2000). Weighing the four factors, the Court finds no Sixth Amendment violation.

---

[2]Ms. Brown's counsel did mention speedy trial concerns at the hearing on May 21, 2014, when the Court vacated the June 2 trial date. However, he waffled when asked if she would be ready for trial on that date, stating at one point that Defendants were probably not ready and at another that he didn't know if she was ready for trial on June 2.

6

**C.     Conclusion**

For the foregoing reasons, the Court **DENIES** Trenice Brown's motion to dismiss (DE 48).

SO ORDERED on July 11, 2014.

>                                   s/ Joseph S. Van Bokkelen
>                                   Joseph S. Van Bokkelen
>                                   United States District Judge